# UNITED STATES

*v.*

# DONATO RIERA.

---

San Juan, Criminal, No. 668.

AS TO DEFENDANT'S EXAMINATION OF SEIZED LOTTERY TICKETS.

Presumption of Innocence.
  1. Presumption of innocence is no presumption that a man has not been actually indicted and will have to go through a trial. It must not be presumed to the extent of letting a man commit another crime, as by collecting money after examining lottery tickets taken by the government.

Practice—Control of Evidence.
  2. It must be a clear case of necessity which would authorize the court to compel the government to show its evidence to the defendant in order to aid in his defense.

Lottery Law—Policy of Government.
  3. The policy of the United States in lottery legislation is not only the punishment and reformation of the defendant, but the suppression of a great public evil, and this policy is of more importance in Porto Rico than on the mainland because of previous prevalence of lotteries under Spanish government.

Opinion filed November 21, 1917.

United States v. Riera.

*Mr. Miles M. Martin,* District Attorney, for United States.

*Mr. H. R. Francis* for motion.

HAMILTON, Judge, delivered the following opinion:

The facts seem to be that defendant is accused of bringing certain lottery tickets, I think five whole tickets and twenty-two tenths of tickets, into the United States for the purpose of disposing of the same. An indictment has been found; the defendant has not pleaded and will be given twenty-four hours to plead. The motion as made is for the purposes of allowing the defendant to examine the lottery tickets in question for the purpose of preparing his defense; he alleges that it is necessary to have the numbers for that purpose. The motion is not under oath. He states that it is indispensable that he have this opportunity prior to the sailing of the next mail steamer for Spain on the 22d instant, and that a failure to ascertain the numbers will prevent the accused from obtaining necessary evidence from Spain affecting the issue of the intention.

The motion has been argued on several grounds on behalf of the defendant. It is urged that this motion is necessary and should be allowed on the presumption of innocence which obtains in all criminal cases. The government, on the other hand, contends that the knowledge of the numbers of the tickets will enable the defendant to secure the prizes that may be allotted to these particular tickets at the drawing and thus defeat the intent of the statute. Defendant alleges that from his presumption of innocence he should be allowed to examine the tickets for his own purposes, the purposes being the defense in this case. Thus there are several points involved.

United States v. Riera.

1. The presumption of innocence; that of course does obtain. The presumption is that the defendant is innocent until proven guilty, but I doubt its application in this particular case. The use of it in the way indicated and for the purpose alleged by the defendant will go further. There is no presumption that the man is not indicted, and that he will not have to go through a trial. If he is convicted certain things will follow, but even if he is convicted and has these numbers, he can secure the results of what may be shown to be a crime. On an indictment for placing a bomb to blow up a building, must the court, in order to enable the defendant to prepare his case, permit him to handle the bomb with the possibility of exploding it? Is innocence to be presumed to the extent that it may help a man commit another crime? I doubt that. There is here a presumption against criminality under the indictment, but none that the defendant does not wish to make money. I do not think I could decide the motion on the presumption of innocence.

2. What control has the court over the evidence before the evidence is offered? Has the court any right to make the government show its hand? The court undoubtedly has control over all the proceedings in a case, and it may be that if there is a showing that the evidence in the possession of the government must be exhibited to the defendant in order for him to properly prepare his case the court would exercise this power. I can imagine a case of murder or burglary in which certain weapons might be in the possession of the government and it might be necessary for the prisoner to see them in order to prove that they had or had not been in his possession. It may very well be that there is a power on the court to compel such production; there are no cases cited, but it would seem that there must in a clear

·case be such power in the court; but it must be a clear case. Now what showing is there before the court that there is any such necessity here? In the first place the application is not made under oath at all, and in the second place it does not show how the production of this evidence is necessary to the defense of the defendant. So far as the court can judge from the facts stated, it would be sufficient for the defendant in order to make out his defense that he purchased these tickets for his own use merely to show the circumstances under which he purchased them, regardless whether they are numbered 225 or 1050; the purchase would be the same. Say that he bought them from ten men at perhaps ten different places, the number would not control; it might refresh his memory to see them, but this would certainly not be a controlling feature so far as regards the court. I hardly think the application comes under the rule as to discretion.

3. Now in the third place, what is controlling in the case I think is this,—What is the policy that the government aims at in the lottery law? If you take a murder the object is either the punishment or reformation of the prisoner, or both, that is all there is to it. What is it in regard to lotteries? It goes further, the policy goes further than simply the punishment of the offender, it goes to the suppression of what the government deems to be a great evil. This policy would seem to be more necessary, if anything, in Porto Rico and in Spanish-American countries than elsewhere, because the rule here has been otherwise and the feelings here are otherwise; the reformation of the public conscience is more difficult in this part of the world than in older settled parts of the United States. Now that is the policy of the government. What would be the effect in this case

if this motion were granted? It would be this. If the man is convicted, he is punished. Nevertheless he or his associates would enjoy all the fruits of the crime. The general policy on the subject of lottery would not be carried out at all. If we could not help it, that would be a different thing; but the active aid of the court is now invoked to carry out this result, and under circumstances where it is not shown that it is essential to the defense of the defendant. So on the whole it seems to me that I must leave the case where I find it and deny the motion.